11-3202-ag                                          BIA
Jiang v. Holder                                    A079 301 419

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

LAN XIANG JIANG,
> *Petitioner,*

> v.                                            11-3202-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Anthony P. Nicastro, Senior
                     Litigation Counsel; Sabatino F. Leo,
                     Trial Attorney, Office of
                     Immigration Litigation, United

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Lan Xiang Jiang, a native and citizen of the People's Republic of China, seeks review of the July 19, 2011, order of the BIA denying her motion to reopen. *In re Lan Xiang Jiang*, No. A079 301 419 (B.I.A. July 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Jiang's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Jiang's 2010 motion was untimely, as her final administrative order was issued in 2007. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply to a motion to

reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), as the BIA concluded, Jiang failed to establish changed circumstances for Christians arising in China.

Jiang argues that she demonstrated an increased risk of persecution based on her conversion to Christianity and China's recent crackdown on underground Christian churches since her 2004 merits hearing. The BIA's determination that the evidence failed to demonstrate changed circumstances in China is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). As the BIA reasonably found, Jiang's conversion constituted changed personal circumstances, not changed conditions arising in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). While a 2009 ChinaAid report Jiang submitted noted an increase in the number of Christians persecuted between 2006 and 2009, there is no indication of the conditions that existed at the time of her 2004 merits

3

hearing, or whether the increase in incidents corresponded to a proportionate increase in church members. Furthermore, the 2009 reports from the State Department provide that the Chinese government "continued to strictly control religious practice," suggesting similar treatment of underground churches in previous years.

Additionally, we have no basis to conclude that the BIA erred in affording minimal weight to Jiang's sister-in-law's statement regarding Chinese officials' raid of her house church. The letter did not demonstrate that the Chinese authorities were aware or likely to become aware of Jiang's practice of Christianity. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Substantial evidence therefore supports the BIA's finding that Jiang did not establish changed conditions for Christians in China.

Because the evidence Jiang submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that she failed to meet an exception to the filing deadline, and in consequently denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2),(3).

For the foregoing reasons, the petition for review is

4

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk